JOB POLHEMUS

v.

EPHRAIM P. EMSON.

A bill contained a prayer for general relief, and, also, an alternative prayer that a voluntary partition might be established as against a judgment creditor, or that equity would so direct proceedings pending at law, as to set off in severalty to the purchaser at the sheriff's sale under the judgment, the part assigned to the defendant in the voluntary partition. *Held*, that the reversal of a decree sustaining the voluntary partition, does not preclude equitable relief by making the partition in this court.

Motion for decree dismissing bill.

*Mr. Joel Parker*, for the motion.

*Mr. James Wilson, contra.*

THE CHANCELLOR.

The final decree made in this cause, *Polhemus* v. *Emson*, 12 *C. E. Gr.* 447, was, on appeal, reversed. *Emson* v. *Polhemus, supra*, 439. A motion is now made on the remittitur that the bill be dismissed. The ground of this application is, and the defendant's counsel urges, that the decree of the

court of errors and appeals fully and finally disposed of the
whole of the complainant's claim to relief in equity, and
that it but remains to this court to dismiss the bill. I do
not so understand the opinion. That court, indeed, held
that the voluntary partition between Hodson, the judgment
debtor, and Polhemus, the complainant, could not be
validated in equity against the purchaser at the sheriff's
sale under execution on that judgment, because it was not
valid in law; but it did not hold that the complainant was
therefore without claim to relief in equity. The particular
grounds on which the decree appealed from was based,
were held to be untenable, and the decree was therefore
reversed. The bill not only prays that the voluntary parti-
tion may be established, but prays, also, in the alternative,
that this court will so direct the pending proceedings in
partition at law as to set off in severalty to the purchaser at
the sheriff's sale under the judgment, the part assigned in
the voluntary partition to Hodson. It also contains the
general prayer for relief.

The question whether, under the circumstances presented
by the case, adequate relief in the premises may not be
given in equity, was not passed upon in the appellate court.
Not only is there no decision on that point, but it does not
appear that there was any intention or disposition to decide
it adversely to the complainant. It is due to that court that
its silence be not misinterpreted, and that its decision be not
extended beyond its legitimate and obvious limits in its
application to the case. It is no less due to it that its decis-
ion be not made the ground for upholding an injustice
which it did not intend to sustain. Though the voluntary
partition is not valid against the purchaser under the judg-
ment, the complainant's claim to relief in equity is by no
means exhausted. Indeed, it is not affected. The views
presented in the opinion of this court in this case, as to the
relief which would have been administered if this court
had felt constrained to hold the voluntary partition invalid
against the purchaser under the judgment, have not been

in anywise disapproved by the appellate tribunal, and, as before suggested, it would be dealing unfairly with the decision of that court, to impute from its silence on that head an intention to disfavor those views. Now that the voluntary partition has been held invalid, those views should have application. The partition should be made in this court, for here it may be made in accordance with equity. The motion for decree dismissing the bill is denied, but without costs.